UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

March 6, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *James W. v. Leland Dudek, Acting Commissioner, Social Security Administration*[1]
      Civil No. 23-3012-CDA

Dear Counsel:

On November 4, 2023, Plaintiff James W. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 13, 17, 20). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on January 14, 2014, alleging a disability onset of February 6, 2012. Tr. 194-205. Plaintiff's claims were denied initially and on reconsideration. Tr. 106-07, 126-27. On November 1, 2016, an Administrative Law Judge ("ALJ") held a hearing. Tr. 48-84. Following the hearing, on December 14, 2016, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 14-32. The Appeals Council denied Plaintiff's request for review. Tr. 1-6.

After Plaintiff petitioned this Court for review, the Court remanded Plaintiff's case to the

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on November 4, 2023. ECF 1. Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Accordingly, Commissioner Dudek has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*James W. v. Dudek*
Civil No. 23-3012-CDA
March 6, 2025
Page 2

SSA with the consent of both parties. Tr. 673-77. On remand, the Appeals Council vacated the ALJ's decision and remanded the case to an ALJ. Tr. 678-83. On February 26, 2020, a second hearing was held before a different ALJ. Tr. 616-47. On April 1, 2020, the ALJ determined that Plaintiff was not disabled under the Social Security Act during the relevant time frame. Tr. 591-615. Plaintiff filed a second appeal with this Court, and on September 3, 2021, this Court again remanded Plaintiff's case. Tr. 1984-88. The Appeals Council vacated the ALJ's decision and remanded the case to the ALJ for further proceedings, Tr. 1989-93, and on June 9, 2022, a third hearing occurred. Tr. 1957-83. On August 30, 2023, the ALJ again determined that Plaintiff was not disabled under the Social Security Act during the relevant time frame. Tr. 1924-50. The ALJ's August 30, 2023 decision constitutes the final, reviewable decision of the SSA. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff "engaged in substantial gainful activity during the following periods: 10/27/2020 - 03/01/2021." Tr. 1930. However, the ALJ determined that there had "been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity." *Id.* At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease of the lumbar spine with radicular symptoms, degenerative disc disease of the cervical spine, cervical facet syndrome, generalized anxiety disorder and major depressive disorder." Tr. 1930-31. The ALJ also determined that Plaintiff suffered from the non-severe impairments of chronic obstructive pulmonary disease ("COPD"), hand pain, and marijuana use. Tr. 1931. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 1933. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except no more than 30 minutes of standing and/or walking at one time; the individual requires an opportunity to sit for up to 10 minutes after any 30 minutes of continuous standing and/or walking; can occasionally climb ramps or stairs, and can occasionally balance, stoop, knee, crouch, crawl; the individual cannot climb

*James W. v. Dudek*
Civil No. 23-3012-CDA
March 6, 2025
Page 3

> ladders, ropes, or scaffolds and can have no more than occasional exposure to extreme cold, wetness humidity or to vibration; can have no exposure to hazards such as dangerous moving machinery or unprotected heights; is limited to occasional overhead reaching bilaterally. The individual is limited to understanding and remembering simple instructions and carrying out simple routine tasks.

Tr. 1935. The ALJ determined that Plaintiff was unable to perform past relevant work as a bay truck washer (DOT[3] #919.687-014), heavy stocker (DOT #229.367-014), maintenance worker (DOT #381.687-014), and forklift operator (DOT # 921.683-050), but could perform other jobs that existed in significant numbers in the national economy. Tr. 1939-40. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 1941.

### III.  LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.  ANALYSIS

Plaintiff's overarching argument is that substantial evidence does not support the ALJ's RFC. ECF 13, at 8; ECF 20, at 1-8. Specifically, Plaintiff argues that the ALJ failed to properly conduct a function-by-function assessment of Plaintiff's ability to perform the sitting requirements of sedentary work. ECF 13, at 10-15. Defendant counters that substantial evidence supports the ALJ's RFC and that the ALJ's discussion of the evidence and explanation of how the RFC accounted for Plaintiff's limitations "allows for meaningful judicial review." ECF 17, at 8-21.

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*James W. v. Dudek*
Civil No. 23-3012-CDA
March 6, 2025
Page 4

Careful review of the record demonstrates that the ALJ erred in assessing Plaintiff's RFC. A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. § 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Pursuant to Social Security Ruling ("SSR") 96-8p, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. § 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work." 20 C.F.R. § 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

Only after such an analysis may an ALJ express RFC in terms of the exertional level of work of which the ALJ believes the claimant to be capable. *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). As noted in *Dowling*, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." 986 F.3d at 387 (alteration in original) (citation omitted). Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Here, remand is warranted because the Court is unable to discern the ALJ's rationale for limiting Plaintiff to sedentary work. In lieu of conducting a function-by-function analysis of Plaintiff's exertional capabilities, the ALJ assigned weight to the opinions of Dr. Cylus and Dr. Hakkarinen who assessed Plaintiff's ability to sit, among other things.[4] *See* Tr. 1938. Both state agency medical consultants opined that Plaintiff could: (1) lift and/or carry twenty pounds occasionally and ten pounds frequently, (2) stand and/or walk six hours, (3) sit for six hours, and (4) perform postural activities occasionally. *Id.* In short, these opinions limited Plaintiff to light work. *See* Tr. 1939. The ALJ gave these opinions "great weight[,]" concluding they were "consistent with the objective medical evidence, such as examinations that noted a normal gait, normal strength in the extremities, and intact sensation," and consistent with "lumbar and cervical MRIs that showed mostly mild findings." Tr. 1938.

However, the ALJ ultimately limited Plaintiff to sedentary work, *see* Tr. 1935, which involves "lifting no more than 10 pounds at a time," "occasionally lifting or carrying articles like docket files, ledgers, and small tools," standing and walking for "no more than about 2 hours of an 8-hour workday," and sitting for "approximately 6 hours of an 8-hour workday,"[5] SSR 83-10,

---

[4] The ALJ did not assign persuasive value to any other opinions that concerned Plaintiff's physical capacity to lift, carry, stand, walk, or sit.

[5] When a sedentary RFC assessment is silent as to certain exertional limitations, the RFC assessment "implicitly" adopts the exertional aspects of sedentary work as defined by the SSA. *See Bennett v. Astrue*, No. CA 1:10-1931-RMG-SVH, 2011 WL 2470084, at *15 (D.S.C. May 31, 2011), *report and recommendation adopted*, 2011 WL 2470070 (D.S.C. June 20, 2011).

*James W. v. Dudek*
Civil No. 23-3012-CDA
March 6, 2025
Page 5

1983 WL 31251, at *6 (Jan. 1, 1983). The Court is unable to discern how the opinions of Drs. Cylus and Hakkarinen, both of which limited Plaintiff to one exertional category and which the ALJ assigned "great weight," can serve as the evidentiary basis for concluding that Plaintiff is properly limited to the demands of a lower exertional category. *See* 20 C.F.R. 404.1567(b) ("If someone can do light work, we determine that he . . . can also do sedentary work, *unless there are additional limiting factors such as . . . inability to sit for long periods of time*.") (emphasis added). At bottom, the ALJ fails to explain why Plaintiff's impairments limit him to the specific sitting, standing, walking, lifting, and carrying demands of sedentary work.

To be sure, the ALJ was "not required to accept all of the conclusions and limitations set forth in a medical source opinion." *Calvert v. Kijakazi*, No. 5:21-1358-KDW, 2022 WL 2800907, at *7 (D.S.C. July 18, 2022). However, the ALJ must explain how the sedentary exertional category accurately reflects Plaintiff's physical abilities. *See* SSR 96-8p, 1996 WL 374184, at *7. The ALJ apparently "accounted" for Plaintiff's sitting, walking, and standing limitations by limiting Plaintiff to (1) "no more than 30 minutes of standing and/or walking at one time[,]" and (2) that Plaintiff "requires an opportunity to sit for up to 10 minutes after any 30 minutes of continuous standing and/or walking[.]" Tr. 1935. The ALJ noted that they added a sit/stand option "based on the [Plaintiff's] testimony of having problems sitting or standing too long, along with more recent findings of a mildly antalgic gait." Tr. 1938. The ALJ also referenced that a negative straight leg test and diffuse tenderness were "accounted for by sitting to standing in the RFC." Tr. 1937. But the ALJ did not support these findings with "a narrative discussion describing how the evidence supports" a sedentary-work RFC or explain how the evidence specifically supports these RFC provisions. *See Dowling*, 986 F.3d at 387. The ALJ's failure to explain how the evidence supports a limitation to sedentary work—as opposed to a more limited range of sedentary work or a finding that Plaintiff lacked *any* RFC—frustrates meaningful review.

Internal inconsistencies in the ALJ's decision further frustrate meaningful review. Here, the ALJ limited Plaintiff to a sedentary RFC with some additional physical, environmental, and mental limitations. Tr. 1935. However, there are some instances of the ALJ's decision that reference limiting Plaintiff to a light work RFC. *See* Tr. 1937 ("Examination demonstrated a positive straight leg raise and tenderness in the lumbar spine which accounts for the light RFC limitation and limited standing or walking"); Tr. 1939 (The opinions of Drs. Cylus and Hakkarinen "are persuasive limiting the claimant to light work. [T]he record and imaging supports a finding that the claimant would be limited to light with no climbing."). SSA regulations require the ALJ to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Because the ALJ's assessment of Plaintiff's RFC "was internally inconsistent," the Court's ability to trace the ALJ's reasoning is impeded, making remand necessary. *Rodney G. v. Kijakazi*, No. BAH-22-3007, 2023 WL 6465436, at *4 (D. Md. Oct. 3, 2023) (citing *Mallett v. Berryhill*, No. 5:18-CV-241-D, 2019 WL 2932776, at *4 (E.D.N.C. June 17, 2019)).

The Fourth Circuit has declined to adopt a per se rule requiring remand when an ALJ fails to perform an explicit function-by-function analysis. *See Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). However, if a function is "critically relevant to determining [a claimant's] disability

status," remand for failure to perform such an analysis is appropriate. *Dowling*, 986 F.3d at 389. Here, the exertional requirements of sedentary work are relevant to the finding that Plaintiff can perform jobs existing in significant numbers in the national economy. Upon a proper evaluation of Plaintiff's RFC, an ALJ may find that Plaintiff lacks the capacity for sedentary work (or may be capable of more). This finding would affect the RFC assessment and, in turn, Plaintiff's ability to perform jobs existing in significant numbers in the national economy. Accordingly, the Court will remand this case so that an ALJ can conduct an RFC assessment that comports with SSR 96-8p.

Because the case is being remanded on other grounds, I need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.     **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge